# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARDIK K. MEKHTARIAN,<br><br>        Petitioner,<br><br>    v.<br><br>UNNAMED,<br><br>        Respondent. | Case No. 1:24-cv-0798 JLT SKO (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AND DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE CASE<br>(Doc. 5)<br><br>ORDER DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY |

      Mardik K. Mekhtarian is a state prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The magistrate judge performed a preliminary review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases. (Doc. 5.)

      The magistrate judge found Petitioner failed to state a cognizable claim for relief because he "challenges the application of state sentencing laws," which "does not give rise to a federal question cognizable on federal habeas review." (Doc. 5 at 3.) The magistrate judge also found Petitioner did "not indicate that he has presented his claims to any state court." (*Id.*) Finally, the magistrate judge observed that Petitioner failed "to name a respondent in the petition." (*Id.* at 4.) Although the Court would ordinarily provide the opportunity to identify a proper respondent, the magistrate judge observed that the other failures "cannot be cured through amendment." (*Id.*)

Therefore, the magistrate judge recommended the petition be dismissed. (*Id.*)

The Court served the Findings and Recommendations on Petitioner and notified him that any objections were due within 21 days. (Doc. 5 at 4-5.) The Court advised him that the "failure to file objections within the specified time may waive the right to appeal the District Court's order." (*Id*. at 5, citing *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).) Petitioner did not file objections, and the time to do so has passed.

According to 28 U.S.C. § 636(b)(1), this Court performed a *de novo* review of this case. Having carefully reviewed the matter, the Court concludes the Findings and Recommendations are supported by the record and proper analysis.

In addition, the Court declines to issue a certificate of appealability. A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335-336 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c) (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
>
>> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>>
>> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of

2

appealability when a petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).  To make a substantial showing, the petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)).

In the present case, the Court finds Petitioner did not make the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability.  Reasonable jurists would not find the determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further. Thus, the Court declines to issue a certificate of appealability. Based upon the foregoing, the Court **ORDERS**:

1. The Findings and Recommendations issued on July 17, 2024 (Doc. 5) are **ADOPTED** in full.
2. The petition for writ of habeas corpus is **DISMISSED** with prejudice.
3. The Clerk of Court is directed to enter judgment and close the case.
4. The Court declines to issue a certificate of appealability.

This order terminates the action in its entirety.

IT IS SO ORDERED.

Dated:   **August 15, 2024**

UNITED STATES DISTRICT JUDGE

3